IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

KAYLA CHRISTINE RAYMOND,

Plaintiff,

v.                                                                OPINION and ORDER

ANDREW M. SAUL,                                                   19-cv-539-jdp
Commissioner, Social Security Administration,

Defendant.

Plaintiff Kayla Christine Raymond seeks judicial review of a final decision of defendant Andrew M. Saul, Commissioner of Social Security, denying her application for supplemental security income. Raymond contends that the administrative law judge (ALJ), Diane Davis, erred in assessing Raymond's residual functional capacity (RFC) by failing to adequately account for her moderate limitations in concentration, persistence, and pace. The court is not persuaded that the ALJ erred, so it will affirm the commissioner's decision.

ANALYSIS

Raymond seeks benefits for disability beginning in April 1996, when Raymond was six years old. R. 17.[1] In an October 2018 decision, the ALJ found that Raymond suffers from four severe impairments: bipolar disorder, anxiety, attention deficit disorder, and personality disorder. R. 20. Despite these impairments, the ALJ found that Raymond can perform a full range of work at all exertional levels, but with the following nonexertional limitations:

---

[1] Record cites are to the administrative transcript, located at Dkt. 8.

- Can understand, remember, and carry out only simple, routine tasks

- Can make only simple work-related decisions

- Can adapt to routine workplace changes

- Can work in proximity to others, tolerating occasional interaction with coworkers and supervisors and brief, incidental contact with the public

- Cannot do work involving tandem job tasks that require cooperation with other workers to complete.

R. 24. Relying on the testimony of a vocational expert, the ALJ found that Raymond cannot perform her past work but that she can perform jobs that exist in significant numbers in the economy, including jobs such as cleaner, final assembler, and office helper. R. 30.

The case is now before this court to determine whether the ALJ's decision applies the correct legal standards and is supported by "substantial evidence," *Martin v. Saul*, 950 F.3d 369, 373 (7th Cir. 2020), which means that the court looks to the administrative law record and asks "whether it contains sufficient evidence to support the agency's factual determinations." *Biestek v. Berryhill*, --- U.S. ----, 139 S. Ct. 1148, 1154, 203 L.Ed.2d 504 (2019) (citation and quotation marks omitted). The threshold for sufficiency "is not high"; the substantial evidence standard requires only "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.*

The only part of the ALJ's decision that Raymond challenges on appeal is her handling of Raymond's limitations in "concentrating, persisting, or maintaining pace"—one of the four broad areas of mental functioning that ALJs assess in evaluating disability claims. *See* 20 C.F.R., pt. 404, subpt. P, app, 1, § 12.00(E)(3). Concentration, persistence, and pace refers to a

2

claimant's "abilities to focus attention on work activities and stay on task at a sustained rate." *Id.*

The ALJ determined that Raymond had moderate limitations in this area. She noted that although Raymond "maintained she has difficulty with concentration and completing tasks," she had also "described activities that typically require at least some level of concentration, persistence, or pace such as working at Pizza Hut, doing yoga and light exercise, preparing meals, doing household chores," and so on. R. 27. Raymond's medical providers "consistently determined she was alert and oriented with the ability to maintain attention and concentration throughout evaluations." *Id.* Despite this evidence, the ALJ stated that she was "elect[ing] to view the evidence in the light most favorable to the claimant" by concluding that Raymond "has no more than moderate limitations in this functional domain because she was sporadically noted to be restless with poor attention and concentration." *Id.*

Raymond contends that the ALJ's RFC assessment didn't adequately reflect the ALJ's finding that she has moderate limitations in concentration, persistence, and pace. She identifies two points that she says should have been reflected in the RFC but weren't: (1) an agency psychological consultant's finding that Raymond was moderately limited in completing a normal workday or workweek and performing at a consistent pace; and (2) the ALJ's own finding that Raymond "was sporadically noted to be restless with poor attention and concentration," R. 22.

## A.  Agency psychological consultant's finding

Raymond contends that the ALJ erred by giving great weight to the opinion of Dr. David Biscardi, the agency consultant who reviewed Raymond's records at the reconsideration level, but then failing to incorporate all of the limitations Biscardi found into the RFC. Raymond

points to a section of Biscardi's mental residual functional capacity assessment in which the consultants are instructed to "rate" the claimant's limitations in several predetermined categories. As relevant here, Biscardi indicated that Raymond was "moderately limited" in her "ability to complete a normal workday and workweek without interruptions from psychologically based symptoms and to perform at a consistent pace without an unreasonable number and length of rest periods." R. 125. Raymond argues that none of the restrictions in the RFC are adequate to address this particular pace and persistence limitation.

As a rule, "the ALJ's RFC assessment must incorporate all of the claimant's limitations supported by the medical record." *Burmester v. Berryhill*, 920 F.3d 507, 511 (7th Cir. 2019). So when the ALJ gives full credit to an agency psychological consultant's opinion, she must fully account for the limitations in that opinion. That includes any moderate-limitation findings from the first section of the mental RFC assessment. *See Varga v. Colvin*, 794 F.3d 809, 816 (7th Cir. 2015). That said, "an ALJ may rely on a doctor's narrative RFC, rather than the [findings in the first section], where the narrative adequately encapsulates and translates those worksheet observations." *Id.*

Biscardi provided the following narrative in this case: Raymond "retains the capacity to understand, remember, carry out and sustain performance of 1–3 step tasks, complete a normal workday, interact briefly/superficially with coworkers/supervisors and adapt to changes/stressors associated with simple routine competitive work activities." R. 126. Raymond argues that Biscardi's narrative didn't adequately encapsulate and translate his worksheet observation because it "failed to flesh-out the specific limitations." Dkt. 11, at 21. But Raymond doesn't explain what she means by this. As the court reads the narrative, Biscardi opined that so long as Raymond is limited to "1–3 step tasks" and "simple[,] routine

competitive work activities" with only "brief" and "superficial" interaction with coworkers and supervisors, she can "complete a normal workday" (and, impliedly, a normal workweek) in an acceptable manner, without requiring an unreasonable number and length of rest periods. In other words, Biscardi's narrative translated his worksheet findings by articulating work restrictions that he believed were adequate to resolve them. This is not a case in which an agency consultant simply ignored or contradicted his worksheet findings in his narrative assessment.

Because the narrative portion of Biscardi's opinion adequately encapsulated his worksheet observations, the ALJ didn't err by incorporating Biscardi's narrative into the RFC without adding additional persistence or pace restrictions. Raymond she doesn't point to any record evidence suggesting that greater restrictions were warranted. *See Jozefyk*, 923 F.3d at 498 (remand not warranted where claimant fails to identify what work restrictions might address her limitations).

In her reply brief, Raymond reiterates her argument that the ALJ failed to address Biscardi's findings in the RFC. But in the reply brief, the section of the record attributed to Biscardi is actually from the opinion of Dr. Susan Donahoo, the agency consultant who evaluated Raymond at the initial level. *See* Dkt. 17, at 13–16 (quoting and discussing R. 108–09). Raymond didn't challenge the ALJ's analysis of Donahoo's opinion in her opening brief, so any argument about Donahoo's opinion is forfeited. *Nationwide Ins. Co. v. Cent. Laborers' Pension Fund*, 704 F.3d 522, 527 (7th Cir. 2013).

Raymond hasn't identified any error in the ALJ's handling of Biscardi's opinion, so the court will not remand the case on that basis.

## B.  Sporadic restlessness and poor attention and concentration

The ALJ acknowledged that Raymond "was sporadically noted to be restless with poor attention and concentration." R. 23. Raymond says that the RFC doesn't include any restrictions adequate to address the restlessness and concentration issues. According to Raymond, the restrictions the ALJ did include in the RFC, such as making only simple work-related decisions and tolerating only occasional interaction with others, all address different, unrelated areas of mental functioning, such as "interacting with others" or "adapting or managing oneself." *See* Dkt. 11, at 12–13. Raymond asserts that the ALJ was required to include "specific limitations [addressing] restlessness with poor attention and concentration or . . . corresponding limiting language," such as a restriction providing that two days per month, Raymond's production may "fall[] below acceptable standards of production and/or [she] may be off task 25% of the day." *Id.* at 12.

No rule requires simplistic, one-to-one correlation between moderate limitation in a particular functional domain and a restriction in the RFC. *Pytlewski v. Berryhill*, No. 17-cv-810-SLC, 2018 WL 5729736, at *8 (W.D. Wis. Nov. 2, 2018), *aff'd sub nom. Pytlewski v. Saul*, 791 F. App'x 611 (7th Cir. 2019). Sometimes a restriction that seems tailored to one area of mental functioning can also address other functional domains. *E.g., Johansen v. Barnhart*, 314 F.3d 283, 288–89 (7th Cir. 2002) (restriction to "low-stress, repetitive work" was adequate to address moderate limitation in maintaining regular schedule and attendance). This principle is illustrated by Biscardi's narrative explanation that, with restrictions to simpler work and limited interaction with coworkers, Raymond could maintain pace, attendance, and schedule. The same notion applies to the ALJ's acknowledgement that Raymond sometimes had issues with attention and concentration. The ALJ, following Biscardi, concluded that limiting

Raymond to certain types of work and social interactions would address her attention and concentration issues. Implicit in Raymond's argument is the notion that the only way to address a deficit in attention and concentration is to allow the worker to go off task whenever her attention flags. But that's not true as a general principle, and it's not supported by the record in this case. Raymond simply doesn't explain why the RFC defined by the ALJ is inadequate to address her problems with restlessness and poor concentration.

The court concludes that the ALJ's decision is supported by substantial evidence, which is all that is required. The court will affirm the ALJ's decision.

ORDER

IT IS ORDERED that the decision of Andrew M. Saul, Commissioner of Social Security, denying plaintiff Kayla Christine Raymond's applications for supplemental security income is AFFIRMED. The clerk of court is directed to enter judgment in favor of the commissioner and close this case.

Entered June 22, 2020.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge